MR. JUSTICE HARRISON,
dissenting:
I must dissent. Once again we are presented with a certification from the Federal Court without a sufficient fact question to properly and fully answer the problem presented.
As noted by the majority opinion, the complaint of Laura Thomas, a diagnosed retarded person, was filed in the United States District Court in Washington and was then transferred to the United States District Court in Montana. The complaint charged the petitioner, a long-time reputable practitioner of law in Montana, of serious illegality concerning the handling of the estate of Laura Cox’s mother *531 and of Laura’s resulting guardianship, all of which irreparably damaged the petitioner’s reputation as an attorney of law in the state of Montana. Evidence of the untruth of the charges is clearly shown by the summary judgment issued by the Federal District Court finding Cox free of any misconduct of the handling of Laura’s affairs. However, it did not restore the petitioner’s good reputation to the hundreds of persons who read the first story in the Billings Gazette, published on a Sunday in glaring headlines. As noted by the majority, at the time of the publication the petitioner had not been served, no reporter from the Gazette had made any effort to check with him nor had any judicial action been taken by a responsible District Judge.
This brings me to the issues presented to us from the Federal Court of whether in a defamation case where the facts in which the preliminary judicial proceedings filed in court and having not been served upon the defendant or judicially acted upon are privileged “judicial proceedings.”
Admitting that there are divergent views on this subject, I choose to accept and support that view Mr. Justice Oliver Wendell Holmes, Jr., expressed when he was a Justice on the Supreme Judicial Court of Massachusetts:
“The chief advantage to the country which we can discern, and that which we understand to be intended by the foregoing passage, is the security which publicity gives for the proper administration of justice ... It is desirable that the trial of causes should take place under the public eye, not because the controversies of one citizen with another are of public concern, but because it is of the highest moment that those who administer justice should always act under the sense of public responsibility, and that every citizen should be able to satisfy himself with his own eyes as to the mode in which a public duty is performed.
“[I]t is clear that [the grounds for privilege] have no application whatever to the contents of a preliminary written statement of the claim or charge. These do not constitute a proceeding in open court. Knowledge of them throws no light upon the administration of justice. Both form and contents depend wholly on the will of the private individual, who may not be even an officer of the court. It would be carrying privilege farther than we feel prepared to carry it, to say that, by the easy means of entitling and filing it in a cause, a sufficient foundation may be laid for scattering any libel broadcast with impunity.” *532 Cowley v. Pulsifer (Mass.1884), 137 Mass. 392 at 394. See, 54 Colum.L.Rev. 364, (1954).
This same view is pointed out in the case of Park v. The Detroit Free Press Co. (1888), 72 Mich. 560, 40 N.W. 731, 734.
Recognizing that these are earlier cases concerning this matter, public policy considerations and the promotion of important values requires that a privilege not be extended to the publication in question. Here, the matter was not of such grave import that there was not time to investigate more fully these charges before publication.
The whole purpose of our constitutional rights and our statutes grows out of the central core belief that the individual comes first, that all mean are children of God, and that their personalities are therefore sacred and carries with it a great belief that personal liberties should be protected. It is repugnant that anyone would steal from the human being that which is most precious to him — his good name — by imputing things that are untrue.
To me it is an especially unhappy circumstance that occasionally this is done in the name of the First Amendment. This, I believe, does not grant the protection of the law an individual is entitled to expect.
It is the very basis of our great heritage that we expect the strictest responsibility to be applied by those who rely on the privileges of the First Amendment. That responsibility should have been exercised by the Gazette before it published any charges against Mr. Cox. Whenever such care is not taken and those principles which protect an individual and his good name against besmirchment by false statements are abused, we have failed to carry forward the ideals guaranteed to us by our constitution and statutes.
I would find that until a competent jurist has examined the files and the petitioner has had an opportunity to respond, such pleadings are not privileged.